NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13404

EMMETT S. MULDOON vs. COMMONWEALTH.


May 28, 2024.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, Emmett S. Muldoon, appeals from a judgment of the county court denying, without a hearing, his petition for relief under G. L. c. 211, § 3.  The petitioner pleaded guilty to aggravated rape and other offenses in 1996.  In 2014, he moved for a new trial.  A judge of the Superior Court denied that motion; the Appeals Court affirmed in an unpublished decision, Commonwealth v. Muldoon, 93 Mass. App. Ct. 1116 (2018); and we denied further appellate review, 480 Mass. 1108 (2018).  He thereafter filed motions in this court seeking reconsideration of the denial of further appellate review or leave to file a second application for further appellate review. We denied those motions.[1]  The petitioner's G. L. c. 211, § 3, petition sought relief from those rulings.  By the plain language of G. L. c. 211, § 3, however, this court's extraordinary superintendence power extends only to "courts of

_____

[1] To the extent the petitioner suggested in his petition that the court was required under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 et seq., to consider his request to file a second or successive application for further appellate review as an accommodation for certain disabilities, we disagree.  Here, the petitioner did not seek an equal opportunity to argue for further appellate review; rather, he sought greater opportunities than are available to others.  Such an accommodation is not required.

inferior jurisdiction" (emphasis added).  The single justice
thus had no authority to review a decision of the full court.
Moreover, the power conferred by G. L. c. 211, § 3, does not
"provide an additional layer of appellate review after the
normal process has run its course."  Votta v. Police Dep't of
Billerica, 444 Mass. 1001, 1001 (2005).  The petitioner has had
all the review to which he is entitled as to the denial of his
motion for a new trial.  The single justice neither abused his
discretion nor committed other error of law by denying
extraordinary relief.

                                        Judgment affirmed.


        The case was submitted on briefs.
        Emmett S. Muldoon, pro se.